IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KEITH BROWNING, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV00203 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

This matter comes before the Court upon Keith Browning's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1], filed on November 7, 2005. The Government filed its Response to Petitioner's § 2255 Petition on February 7, 2006 [doc. #7].

### **I.   BACKGROUND FACTS**

On January 15, 2004, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a two count Indictment against Movant Keith Browning ("Movant"), charging that Movant distributed five grams or more of cocaine base in Mississippi County on July 1, and July 11, 2002, in violation of 21 U.S.C. § 841(a).[1]

On April 26, 2004, Movant entered into a Plea Agreement, Guidelines Recommendations and Stipulations with the Government ("Plea Agreement") [doc. #25]. Pursuant to the Plea

---

[1]Pursuant to 21 U.S.C. § 841(a), it is unlawful for any person "knowingly or intentionally...to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or...to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance." 21 U.S.C.A. § 841(a).

1

Agreement, Movant agreed to plead guilty to the charges in the Indictment. The parties recommended the application of the 2002 version of the United States Sentencing Guidelines Manual ("Guidelines Manual"), which they used in their recommendation for the Movant's base offense levels. In the Plea Agreement, the parties recommended a base offense level of 26 as found in Section 2D1.1 of the Guidelines Manual; determined by the amount of cocaine base involved in Movant's conduct. The parties further agreed that if Movant was found to be a career criminal, the recommended base offense level would be 37.[2] U.S.S.G. § 4B1.1. The parties also agreed that the Movant should receive a full three-level decrease of his offense level for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

The Movant agreed that by entering into the Plea Agreement, he waived his right to a trial. Movant also agreed, in the Plea Agreement, that he was satisfied with the legal representation that he received. Movant further agreed, as is stated in the Plea Agreement, that his counsel fully explained to Movant his rights and the consequences of waiving those rights. Movant acknowledged that the Plea Agreement was entered into voluntarily and not as a result of coercion. The Court found Movant competent and capable of making an informed guilty plea, and found him to be guilty of the offenses charged.

The Probation Office for the Eastern District of Missouri prepared a Presentence Report. This report did not find Movant to be a career offender and recommended a base sentence of 120 months. Before Movant's original sentencing date, both parties objected to the Presentence Report. The Government argued that the sentence recommended in the Presentence Report

---

[2]The Plea Agreement states that the determination of the Movant's Criminal History Category was to be left for the Court to decide after reviewing the Presentence Report.

2

should not be used because Movant qualified as a career offender [doc. #26]. The Movant argued against the application of the United States Sentencing Guidelines [doc. #27]. Due to these objections, the Court concluded that a sentencing hearing should take place. While the Court originally planned a jury hearing, both parties later agreed that the sentencing issues should be decided by the Court.

On December 3, 2004, the Movant's sentencing hearing was held. During the sentencing hearing, in an agreement separate from the April 26th Plea Agreement, the Government agreed to withdraw its Notice of Enhanced Sentence [doc. #23] if Movant agreed to be bound by a career offender finding. Since Movant agreed he was a career offender, and an agreement was reached between the parties, Movant's recommended sentencing range was 188-235 months.[3] Movant was sentenced to a prison term of 188 months, four years supervised release, and a $200 special assessment. Movant did not file an appeal. On November 7, 2005, Movant filed a Petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1].

## II.     STANDARDS FOR RELIEF UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Court must hold an evidentiary hearing to consider

---

[3]The 188-235 month guideline range was based on a total offense level of 31 and a category VI criminal history.

claims in a § 2255 motion "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255 ). Thus, a "petitioner is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043; see also *Blankenship v. United States*, 159 F.3d 336, 337 (8th Cir. 1998) ("[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."(internal citation omitted)).

Section 2255 claims may also be limited by procedural default. A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Moreover, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted unless the petitioner can demonstrate either cause for the default and actual prejudice, or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (cited in *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001)); *see also Larson v. united States*, 833 F.2d 758, 759 (8th Cir. 1987) (applying cause and actual prejudice requirement to § 2255 actions).

**III. DISCUSSION**

The Court initially notes that Movant's claims can be conclusively determined based upon the Motion, the files, and the records of the case. Therefore, no evidentiary hearing will be held. *See Shaw*, 24 F.3d at 1043. Movant has set forth three grounds for relief, each of which is addressed below.

A.  **Ineffective Assistance of Counsel**

In his first ground for relief, Movant states that he received ineffective assistance of Counsel because his attorney failed to challenge the constitutionality of the Sentencing Guidelines, causing him to receive a longer sentence. Movant claims that since he was sentenced post-*Blakely* and pre-*Booker* and *Fan Fan*, and since those cases declared the Sentencing Guidelines to be unconstitutional, his attorney's failure to challenge the constitutionality of his sentence rendered that assistance to Movant ineffective. *Petition*, ¶12.A. In his second ground for relief, Movant also claims ineffective assistance of counsel, this time due to the failure of Movant's attorney to argue that his criminal history is over represented. In support of this claim, and citing U.S.S.G. § 4A.1.3, Movant states that at the sentencing hearing, his criminal history was used to give him career offender status, notwithstanding the fact that the sentencing guidelines allow for downward departures when criminal history is over represented. *Petition*, ¶12.B.

The Supreme Court has ruled that claims of ineffective assistance of counsel can be raised for the first time in the district court by § 2255 motion, where an evidentiary hearing is available, whether or not those claims could have been brought on direct appeal. Wright & Miller, *Federal Practice and Procedure*, §594.1, at 710; *see Massaro v. United States*, 123 S.Ct. 1690, 1694 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct

appeal"). This provides an exception for claims of ineffective assistance of counsel to the general procedural default rule. Claims of ineffective assistance of counsel are generally excepted because a petitioner's attorney may have served as counsel both at the trial and appellate levels of the case, and so would not likely claim his own ineffective assistance on appeal. Wright & Miller, *Federal Practice and Procedure*, §594.1, at 710. "Absent unusual circumstances, showing of ineffective assistance of counsel satisfies both cause and prejudice requirements for raising constitutional issue for first time on collateral review; however, to establish ineffective assistance of counsel, defendant still faces heavy burden under *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]." Wright & Miller, *Federal Practice and Procedure*, §594.1, at 710 (citing *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

In *Strickland*, the United States Supreme Court held that in order to prove ineffective assistance of counsel, a petitioner is required to demonstrate both that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that "counsel's deficient performance prejudiced the defense." 466 U.S. at 687. Under the first prong, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Additionally, when evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Under the second prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. To be awarded relief, petitioner must prove both prongs of the *Strickland* test. *Id*. at 697. The court may address the two prongs in any order, and, if the

6

petitioner fails to make a sufficient showing on one prong, the court need not address the other prong. *Id.*; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.").

**1. Counsel's Failure to Raise Key Issues**

As to Ground One, Movant has failed to show that his counsel was ineffective in failing to raise key issues. The record clearly refutes Movant's claim. Contrary to Movant's suggestion, his counsel filed at least two pleadings with the Court objecting to the application of the U.S. Sentencing Guidelines. In Movant's Objection to the U.S. Sentencing Guidelines and Defendant's Supplemental Objection to the Application of the United States Sentencing Guidelines, Movant's attorney expressly raises the issues that Movant claims were lacking in his defense. Case No. 1:04CR00018 ERW, Doc. #27 and #30. In those pleadings, Movant's attorney cites both *Blakely v. Washington,* 542 U.S. 296 (2004), and the pertinent Eighth Circuit case at the time, *United States v. Mooney,* 2004 WL 1636960 (8th Cir. July 24, 2004), in his argument that application of the U.S. Sentencing Guidelines to Movant's case was unconstitutional. Counsel is not required to be prophetic in raising issues that could conceivably be decided by the United States Supreme Court in the future. *Booker-Fan-Fan* was not handed down until January 12, 2005, therefore any claim of ineffective assistance of counsel for failure to make *Booker-Fan-Fan* like arguments is rejected. *U.S. v. Booker*, 543 U.S. 220 (2005).

Since the record conclusively shows that Movant's attorney raised the issues that Movant claims were lacking, Movant has not proven that his attorney's representation fell below an objective standard of reasonableness as required by *Strickland*. Relief under §2255 regarding Movant's first ground for relief is denied, as Movant's claims are clearly refuted by the record and

Movant has failed to meet the standard set out by *Strickland* for ineffective assistance of counsel. The Court need not address the second prong of the *Strickland* test, as failing to satisfy just one of the prongs puts the petitioner's ineffective assistance of counsel claim to rest. *Strickland*, 466 U.S. at 697.

**2. Counsel's Failure to Argue that Movant's Criminal History Over represents Itself**

In his second ground for relief, Movant claims ineffective assistance of counsel in that his attorney failed to argue Movant's criminal history category substantially over-represents the seriousness of defendant's criminal history, resulting in the Court finding him to be a career offender. As an initial matter, the Court addresses whether Movant's claim is cognizable under § 2255. The Government states in its Answer to Movant's § 2255 Petition and Motion to Dismiss, that challenges regarding Sentencing Guidelines issues are not ordinarily cognizable upon a § 2255 motion. *Def. Ans. and Mot. to Dismiss*, 12; *see Kitterman v. United States*, 904 F. Supp. 987, 992 (E.D.Mo, 1995). While this assertion is true, it is not applicable to the challenge that Movant is making in his second ground for relief. Movant is making an ineffective assistance of counsel claim based on his attorney's failure to argue that his criminal history is over represented. Unlike the cases cited by the Government, which deal with pure challenges to a court's application of the Sentencing Guidelines, Movant's ineffective assistance of counsel claim is clearly cognizable upon a § 2255 motion. *See U.S. v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998) (Ineffective assistance claims are more properly raised on a § 2255 motion than on direct appeal).[4]

---

[4]*See also Rucker v. United States*, 2003 WL 244728 at 2 (D. Minn. Jan. 24, 2003) (The court found cognizable petitioner's claim of ineffective assistance of counsel based on his attorney's failure to object to the court's application of the Sentencing Guidelines, notwithstanding the Government's argument that the district court's Guideline interpretation cannot be challenged under § 2255. The court reasoned that unlike a straightforward challenge to

Had Movant challenged the application of the sentencing guidelines without his assertion of ineffective assistance of counsel, his claim would not be cognizable under § 2255.

Although Movant's claim of ineffective assistance in his second ground for relief is cognizable, it must fail as it is clearly refuted by the record. The record indicates that Movant agreed to be considered a career offender. *Sent. Tr.*, 41. The record further indicates that in return for a concession by the Government to withdraw their Notice of Enhanced Sentence, the Movant consented to a 188 month sentence and expressly consented to be considered a career offender for purposes of sentencing. *Sent. Tr.*, 37-38, 41. Had Movant not agreed to career offender status at his sentencing hearing, the Government would not have withdrawn its Notice of Enhanced Sentence, and Movant could have faced a sentencing range of 262-327 months. *Sent. Tr.*, 41. In fact, the Court indicated that absent this agreement, the Court would have felt obligated under the law to find Movant to be a career offender, facing a sentence alternative of at least 264 months. *Sent. Tr.*, 46-47. Further, Movant's ultimate 188 month sentence was the lowest possible sentence within his recommended guideline range of 188-235 months.

Movant's allegations are further refuted because his counsel did argue against a finding that Movant was a career criminal. Movant's counsel, in Defendant's Second Supplemental Memorandum in Response to Government's Objections to Presentence Report, argued that Movant's prior felonies should be consolidated, preventing the career offender guideline from being applied Case No. 104CR00018 ERW, Doc. #32. Moreover, the transcript from the sentencing hearing indicates that Movant's counsel again argued that his three prior convictions

---

the court's application of the sentencing guidelines, a claim of ineffective assistance based on counsel's failure to object to the court's application of the guidelines is a Sixth Amendment question, remaining suitable for review under § 2255).

9

should be considered related and therefore should not qualify Movant for career offender status. *Sent. Tr.*, 23-33. Additionally, the Court, on the record, praised counsel's efforts in the case. *Sent. Tr.*, 47. Due to the work of Movant's counsel and the cooperation of all the attorneys working on Movant's case, Movant received a lesser sentence than would otherwise have been imposed. Movant has failed to allege any facts which would support his claim that ineffective assistance of his counsel resulted in his career criminal status, and again has failed to prove that his attorney's representation fell below an objective standard of reasonableness as required by *Strickland*. Even if Movant had been wrongly labeled as a career offender, his claim for ineffective assistance would still fail the *Strickland* test on the facts before the Court, as there is no evidence of any unprofessional errors or unreasonable behavior committed by Movant's attorney that would have contributed to Movant's status as a career offender. Even an incorrect outcome for the Movant is not sufficient to substantiate an ineffective assistance of counsel claim on this issue. Consequently, relief under §2255 regarding Movant's Ground Two must be also be denied.

    **B.**    **Unconstitutional Sentence**

In his last ground for relief, Movant claims that his sentence fails to comply with the Eighth and Fourteenth Amendments. *Petition,* ¶12.C. Movant claims that at sentencing, the court severed prior convictions that were consolidated for trial and sentencing, in violation of the Constitution, causing him to receive an unconstitutionally enhanced sentence as a career criminal. *Id.*

Movant's Ground Three fails due to procedural default. Claims not raised on direct appeal are procedurally defaulted unless the petitioner can show either cause for the default and actual

prejudice, or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Movant's Ground Three claims were not raised on direct review, as Movant did not appeal the District Court judgment against him. Further, Movant's § 2255 motion did not show cause for his failure to raise this issue on direct appeal, nor did it present any evidence of prejudice that resulted from any alleged error. At Movant's sentencing hearing, Movant was advised, on the record by his attorney, that entering into a sentencing agreement with the government would not require Movant to give up a direct appeal. *Sent. Tr.*, 40, 47. Notwithstanding this advice, Movant's only explanation for failing to raise this issue on direct appeal is that it is "better presented" in a § 2255 motion and that any procedural default is due to ineffective assistance of counsel "for failure to raise issues." *Petition*, ¶11.D. The Court has already found that Movant failed to prove his claims of ineffective assistance of counsel and that same claim cannot be raised here as an excuse for procedural default. Further, unlike claims for ineffective assistance of counsel, Movant's Ground Three is not "better presented" in a § 2255 motion, and so Movant's third ground for relief fails. Additionally, Movant makes no showing of actual innocense.

Even if procedural default did not bar Movant's third ground for relief, Movant's arguments are still without merit. Under U.S.S.G. § 4B1.1, a defendant is considered a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G., § 4B1.1, 18 U.S.C.A. Movant's instant offense is classified as a controlled substance offense, and he has at least two prior felony convictions classified under "Manufacture or Deliver Controlled

Substance." Case No. 1:04CR00018 ERW, Doc. #30.

Movant claims that refusal to consolidate his prior convictions caused him to be considered a career criminal under U.S.S.G., § 4B1.1. This claim is unfounded, as the District Court followed established Eighth Circuit precedent in its decision not to consolidate Movant's prior felonies. In the Eighth Circuit case *United States v. McComber*, the court states that, "sentences are not related for purposes of § 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation." 996 F.2d 946, 947 (8th Cir. 1993). *See also United States v. Klein*, 13 F.3d 1182, 1185 (8th Cir. 1994). Each of the felonies used to enhance Movant's sentence to the level of a career offender proceeded under a different docket number. Additionally, no formal order of consolidation was issued as to those prior felonies. Movant's prior felonies clearly fall within the standard established by the Eighth Circuit, therefore Movant's prior felonies were properly kept separate and Movant was classified as a career criminal.

Moreover, the record from Movant's sentencing hearing, as already noted, shows Movant consented to his career offender status. *Sent. Tr.*, 41. This consent allowed Movant to make an agreement with the Government which resulted in a sentence that was more lenient than that the Court was prepared to impose. Instead of facing a sentence of 262-327 months, Movant's consent to being a career criminal resulted in a recommended sentencing range of 188-235 months. Movant ultimately received a sentence of 188 months. Contrary to Movant's claim that he received an enhanced sentence due to a finding that he was a career criminal, Movant consented to the finding, allowing his sentence to be reduced to a level which he would not have otherwise qualified.

## IV. CONCLUSION

Movant's claims can be conclusively determined based upon the Motion, the files, and the records of the case. As such, Movant's Petition will be denied without an evidentiary hearing.

Furthermore,

**IT IS HEREBY ORDERED** that Keith Browning's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

Dated this  21st day of November, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE